

U.S. BANKRUPTCY COURT

NORTHERN DISTRICT OF TEXAS

# ENTERED

TAWANA C. MARSHALL, CLERK

THE DATE OF ENTRY IS

ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed November 18, 2013**

_____

**United States Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO. 12-33832-HDH-11** |
| XTREME IRON, LLC, and | § | |
| XTREME IRON HOLDINGS, LLC, | § | **(Jointly Administered)** |
| | § | |
| Debtors. | § | |

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER
## CONFIRMING JOINT PLAN OF LIQUIDATION
## UNDER CHAPTER 11 OF THE BANKRUPTCY CODE
### [Related Docket No. 488]

The *Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code* [Docket No.

488] (as may be further amended, modified, and/or supplemented, the "**Plan**")[1] filed by Areya

Holder, the duly appointed and acting chapter 11 trustee (the "**Chapter 11 Trustee**") for the

bankruptcy estates of Xtreme Iron Holdings, LLC ("**Xtreme Iron Holdings**") and Xtreme Iron,

LLC ("**Xtreme Iron**," collectively, the "**Debtors**") having been filed with this Bankruptcy Court

on August 26, 2013; and the Bankruptcy Court having entered, after due notice and a hearing, an

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to such terms in the Plan.

order [Docket No. 500] (the "**Disclosure Statement Order**"), dated September 30, 2013, (i) approving the *Disclosure Statement to Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code* [Docket No. 489] (the "**Disclosure Statement**"); (ii) approving the procedures to solicit acceptances of the Chapter 11 Trustee's proposed Plan, and (iii) scheduling a hearing and establishing notice and objection procedures for confirmation of the Plan; and the Disclosure Statement and Plan having been distributed or made available to holders of Claims against the Debtors and other parties in interest as provided in the Disclosure Statement Order; and the hearing to consider confirmation of the Plan having been held before the Bankruptcy Court on November 12, 2013 (the "**Confirmation Hearing**"); and due notice of the Plan and the Confirmation Hearing having been provided to holders of Claims against the Debtors and other parties in interest in accordance with the Disclosure Statement Order, title 11 of the United States Code (the "**Bankruptcy Code**"), and the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), as established by the *Certificate of Service* [Docket No. 503] ("**Certificate of Service**") filed with the Bankruptcy Court, and such notice being sufficient under the circumstances and no further notice being required; and after full consideration of (i) the *Ballot Certification of Rachael L. Smiley Regarding Tabulation of Votes in Connection with Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code* [Docket No. 535] (the "**Voting Certification**"); (ii) the *Objection of the Texas Comptroller of Public Accounts to Confirmation of the Trustee's Joint Plan of Liquidation* [Docket No. 529] (the "**Comptroller Objection**"); and the Comptroller Objection having been withdrawn, resolved, or otherwise overruled or addressed as set forth herein; and upon all of the proceedings had before the Bankruptcy Court and upon the arguments of counsel and all of the evidence adduced at the Confirmation Hearing; and the Bankruptcy Court having determined based on all of the

foregoing that the Plan should be confirmed, as reflected by the Bankruptcy Court's rulings made herein and at the Confirmation Hearing; and after due deliberation and sufficient cause appearing therefor, the Bankruptcy Court hereby

FINDS, DETERMINES, AND CONCLUDES THAT:

A.    <u>Findings and Conclusions</u>.  The findings and conclusions set forth herein and in the record of the Confirmation Hearing constitute the Bankruptcy Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.[2]

## Jurisdiction and Venue

B.    <u>Exclusive Jurisdiction, Venue, Core Proceeding (28 U.S.C. §§ 157(b)(2), 1334(a))</u>.  The Bankruptcy Court has jurisdiction over the Debtors' bankruptcy cases (the "**Bankruptcy Cases**") pursuant to 28 U.S.C. § 1334.  Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(6) and the Bankruptcy Court has jurisdiction to enter a final order with respect thereto.  The Debtors are eligible debtors under section 109 of the Bankruptcy Code.  Venue is proper before the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Chapter 11 Cases

C.    <u>Commencement of the Chapter 11 Cases</u>.  On June 13, 2012, Xtreme Iron Holdings filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code (Case

---

[2] All findings of fact and conclusions of law announced by the Bankruptcy Court on November 12, 2013 are hereby incorporated herein.

No. 11-33832). On July 11, 2012, Xtreme Iron filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Bankruptcy Court (Case No. 11-34540). From the Petition Date to September 14, 2012, the Debtors operated their businesses as debtors-in-possession pursuant to 11 U.S.C. § 1107.

D.      Appointment of the Chapter 11 Trustee and Joint Administration.      On August 2, 2012, the Office of the United States Trustee filed the *United States Trustee's Motion for Appointment of Chapter 11 Trustee Under 11 U.S.C. § 1104 or, in the Alternative, Conversion to Chapter 7 Under 11 U.S.C. § 1112(b)* [Docket No. 63]. On September 10, 2012, the Bankruptcy Court found that cause existed to appoint a trustee and granted the United States Trustee's motion [Docket No. 93]. Shortly thereafter, the United States Trustee appointed Areya Holder as the chapter 11 trustee for both of the Debtors bankruptcy Estates [Docket No. 96 in Case No. 12-33832 and Docket No. 104 in Case No. 12 34540].

E.      Judicial Notice.      The Bankruptcy Court takes judicial notice of (i) as appropriate, proofs of claims filed in the Bankruptcy Cases, and (ii) the docket of the Bankruptcy Cases maintained by the Clerk of the Bankruptcy Court and pleadings reflected therein, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at the hearings held before the Bankruptcy Court during the pendency of the Bankruptcy Cases.

**Solicitation and Notice**

F.      Solicitation and Notice.      On September 26, 2013, the Bankruptcy Court entered the Disclosure Statement Order, which, among other things, approved the Disclosure Statement, finding that it contained "adequate information" within the meaning of section 1125 of the Bankruptcy Code, and established procedures for the Trustee's solicitation of votes on the Plan. The Solicitation Packages, Non-Voting Packages, and Notice Packages (collectively, the

"**Packages**") were served in compliance with the Bankruptcy Rules and the Disclosure Statement Order. As described in the Voting Certification and the Certificates of Service, (i) the service of the Packages was adequate and sufficient under the circumstances of these Bankruptcy Cases, and (ii) adequate and sufficient notice of the Confirmation Hearing and other requirements, deadlines, hearings, and matters described in the Disclosure Statement Order was timely provided in compliance with the Bankruptcy Rules and the Disclosure Statement Order.

  G.  <u>Voting</u>. Votes on the Plan were solicited after disclosure to holders of Claims and Equity Interests against the Debtors of "adequate information" as defined in section 1125 of the Bankruptcy Code. As evidenced by the Voting Certification, votes to accept or reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules for the United States Bankruptcy Court for the Northern District of Texas (the "**Local Rules**").

<u>**Compliance with the Requirements of Section 1129 of the Bankruptcy Code**</u>

  H.  <u>Burden of Proof</u>. The Chapter 11 Trustee has met her burden of proving the elements of section 1129 of the Bankruptcy Code by a preponderance of the evidence, which is the applicable evidentiary standard.

  I.  <u>Bankruptcy Rule 3016(a)</u>. The Plan is dated and identifies the Chapter 11 Trustee as the Plan's proponent, thereby satisfying Bankruptcy Rule 3016(a).

  J.  <u>Plan Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>. The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

     i.  <u>Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1))</u>. As required by section 1123(a)(1), in addition to Administrative Expense Claims, Professional Fee Claims,

and Priority Tax Claims, which need not be classified, Article III of the Plan designates 9 Classes of Claims against and Equity Interests in the Debtors. As required by section 1122(a) of the Bankruptcy Code, the Claims (to the extent treated as a Class) placed in each Class are substantially similar to other Claims in each such Class. Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims created under the Plan, and such Classes do not effect unfair discrimination between holders of Claims. Thus, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

ii.    Specified Unimpaired Classes (11 U.S.C. § 1123(a)(2)). Articles III, IV and V of the Plan specify that Classes 1 and 2 are unimpaired under the Plan, thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

iii.    Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)). Articles III and IV of the Plan designate Classes 3 through 9 as impaired, and Article V of the Plan sets forth the treatment of such impaired Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

iv.    No Discrimination (11 U.S.C. § 1123(a)(4)). Article V of the Plan provides for the same treatment by the Chapter 11 Trustee for each Claim in each respective Class unless the holder of a particular Claim has agreed to a less favorable treatment in respect of such Claim, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

v.    Implementation of the Plan (11 U.S.C. § 1123(a)(5)). As required by section 1123(a)(5), Articles VI and VII of the Plan provide for adequate means for implementation of the Plan, including without limitation, (a) the substantive consolidation of the Debtors' Estates; (b) the settlement of all Claims against and Equity Interests in the Debtors; (c) the funding of the Plan; (d) the establishment of the Liquidating Trust and the execution of the Liquidating Trust Agreement; (e) the termination of the Debtors; (f) the method of distributions under the Plan; (g) the cancellation of all existing agreements with or Equity Interests in the Debtors; and (h) the execution, delivery, filing, or recording of all contracts, instruments, releases, and other agreements or documents related to the foregoing.

vi.     <u>Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6))</u>. Section 1123(a)(6) does not apply to the Debtors because they are not issuing securities under the Plan.

vii.    <u>Designation of Directors and Officers (11 U.S.C. § 1123(a)(7))</u>. Article VI of the Plan contains provisions for the appointment of the Liquidating Trustee and her successor that are consistent with the interests of Creditors, Equity Interest holders, and public policy in accordance with section 1123(a)(7).

viii.   <u>Additional Plan Provisions (11 U.S.C. § 1123(b))</u>. The additional provisions of the Plan are appropriate and consistent with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1123(b) of the Bankruptcy Code.

ix.     <u>Impairment/Unimpairment of Any Class of Claims or Interests (11 U.S.C. § 1123(b)(1))</u>. Pursuant to the Plan, Classes 1 and 2 are unimpaired and Classes 3 through 9 are impaired, as contemplated by section 1123(b)(1) of the Bankruptcy Code.

x.      <u>Assumption and Rejection of Executory Contracts (11 U.S.C. § 1123(b)(2))</u>. Article VIII of the Plan constitutes and incorporates a motion by the Chapter 11 Trustee to reject, as of the Petition Date, all Executory Contracts to which the Debtors are parties, except for Executory Contracts that (a) have been assumed or rejected pursuant to Final Order of the Bankruptcy Court, (b) are the subject of a separate motion pursuant to section 365 of the Bankruptcy Code to be filed and served by the Chapter 11 Trustee prior to the Effective Date, (c) included in any Plan Document or Plan Supplement, or (d) as to which a motion for approval of the assumption or rejection of such Executory Contract been filed and served prior to the Confirmation Date. This Confirmation Order shall constitute an order of the Bankruptcy Court under section 365 of the Bankruptcy Code approving the rejection of such Executory Contracts as of the Petition Date.

xi.     <u>Settlement of Claims and Causes of Action (11 U.S.C. § 1123(b)(3))</u>. Section 10.7 of the Plan provides that nothing contained in the Plan or the Confirmation Order shall be deemed to be a waiver or relinquishment of any rights or Causes of Action that the Debtors, the Estates, the Chapter

11 Trustee or the Liquidating Trustee may have or may choose to assert again non-Debtor persons.

xii.    <u>Modification of Rights (11 U.S.C. § 1123(b)(5))</u>. The Plan (i) leaves unaffected the rights of holders of Claims in Classes 1 and 2, and (ii) affects the rights of holders of Claims in Classes 3 through 9.

xiii.   <u>Other Appropriate Provisions (11 U.S.C. § 1123(b)(6))</u>. The Plan's other provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including, without limitation, provisions for (a) distributions to holders of Claims, (b) approval of and authorization to enter into the Liquidating Trust Agreement, (c) the Liquidating Trustee's retention of, and right to enforce, sue on, settle, or compromise (or refuse to do any of the foregoing with respect to) certain claims and causes of action against third parties, to the extent waived and released under the Plan, (d) resolution of Disputed Claims, (e) allowance of certain Claims, and (f) exculpations of certain parties.

xiv.    <u>Cure of Defaults (11 U.S.C. § 1123(d))</u>. The Plan does not provide for the curing of any defaults. Accordingly, the Plan complies with section 1123(d) of the Bankruptcy Code.

K.      <u>The Chapter 11 Trustee's Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>. The Chapter 11 Trustee has complied with the applicable provisions of the Bankruptcy Code. Specifically:

i.      The Debtors are eligible debtors under section 109 of the Bankruptcy Code;

ii.     The Chapter 11 Trustee has complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Bankruptcy Court; and

iii.    The Chapter 11 Trustee has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Disclosure Statement Order, and the Local Rules in transmitting the Plan, the Disclosure Statement, the Ballots, and related documents and notices and in soliciting and tabulating the votes on the Plan.

L.  Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)).  The Chapter 11 Trustee has proposed the Plan (including all other Plan Documents necessary to effectuate the Plan) in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code.  The Chapter 11 Trustee's good faith is evident from the facts and record of these Bankruptcy Cases, the Disclosure Statement, and the record of the Confirmation Hearing and other proceedings held in these Bankruptcy Cases.  The Plan was proposed with the legitimate and honest purpose of maximizing value of the Estates and expeditiously distributing that value to Creditors.  The Plan was negotiated at arm's length among the Chapter 11 Trustee, certain Creditors, other parties in interest, and their respective advisors.  Further, the Plan's classification, indemnification, exculpation, release, and injunction provisions have been negotiated in good faith, at arm's length, and are consistent with sections 105, 1122, 1123(b)(6), 1129, and 1142 of the Bankruptcy Code, and are each necessary for the Estates' successful maximization of value for Creditors.  Such provisions were not included in the Plan for any improper purpose.

M.  Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)).  Any payment made or to be made by the Debtors, the Estates, or by a person issuing securities or acquiring property under the Plan, for services or for costs and expenses in connection with the Bankruptcy Cases, or in connection with the Plan and incident to the Bankruptcy Cases, has been approved by, or is subject to the approval of the Bankruptcy Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

N.  Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5)).  The identity of the Liquidating Trustee was disclosed in the Plan and at the Confirmation Hearing.  The Plan provides that Areya Holder will serve, and is hereby appointed as the Liquidating Trustee by this

Confirmation Order as of the Effective Date. The appointment of Areya Holder as Liquidating Trustee is consistent with the interests of the Estates and with public policy.

O.   No Rate Changes (11 U.S.C. § 1129(a)(6)). Section 1129(a)(6) of the Bankruptcy Code is satisfied because the Plan does not provide for any rate changes over which a governmental regulatory commission has jurisdiction.

P.   Best Interest of Creditors (11 U.S.C. § 1129(a)(7)). The "best-interests" test is satisfied with respect to each Class of Impaired Claims. As demonstrated by the evidence proffered or adduced at the Confirmation Hearing, including the Liquidation Analysis attached to the Disclosure Statement, which employed commonly accepted methodologies and reasonable assumptions, each holder of an Impaired Claim against the Estates either has accepted the Plan or will receive or retain under the Plan, on account of such Claim, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date. Accordingly, the Plan satisfies section 1129(a)(7) of the Bankruptcy Code.

Q.   Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)). Classes 1 and 2 are Unimpaired by the Plan; accordingly, holders of Claims in such Classes are conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. Classes 5 and 7 (the "**Impaired Accepting Classes**"), which are impaired by the Plan and entitled to vote, have voted to accept the Plan, in accordance with sections 1126(b) and (c) of the Bankruptcy Code. Class 4 was intentionally omitted under the Plan. There were no creditors in Classes 6. Class 9 (the "**Rejecting Class**") was not entitled to vote and was deemed to reject the Plan. Classes 3 and 8, which were entitled to vote, abstained from voting (the "**Abstaining Classes**"). Although section 1129(a)(8) of the Bankruptcy Code is not

satisfied with respect to the Rejecting Class or the Abstaining Classes, the Plan may nevertheless be confirmed because the Plan satisfies section 1129(b) of the Bankruptcy Code with respect to the Rejecting Class.

R.    Treatment of Administrative Expense Claims, Priority Tax Claims, Secured Tax Claims, and Other Priority Claims (11 U.S.C. § 1129(a)(9)).  The treatment of Administrative Expense Claims, Priority Tax Claims, Other Priority Claims, and Secured Tax Claims pursuant to Articles II and V of the Plan satisfies the requirements of sections 1129(a)(9) of the Bankruptcy Code.

S.    Acceptance By Impaired Class of Claims (11 U.S.C. § 1129(a)(10)).  Classes 5 and 7, each of which is impaired under the Plan and entitled to vote, voted to accept the Plan by the requisite majorities, determined without including any acceptance of the Plan by any insider, if any, thereby satisfying the requirements of section 1129(a)(10).

T.    Feasibility (11 U.S.C. § 1129(a)(11)).  The information in the Disclosure Statement and evidence proffered or adduced at the Confirmation Hearing (i) is persuasive and credible, (ii) has not been controverted by other evidence, (iii) establishes that the Plan is feasible and that there is a reasonable prospect of the Liquidating Trustee being able to meet her obligations under the Plan, and (iv) that confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtors unless such liquidation or reorganization is proposed in the Plan, thereby satisfying the requirements of section 1129(a)(11) of the Bankruptcy Code.

U.    Payment of Fees (11 U.S.C. § 1129(a)(12)).  All fees due and payable pursuant to section 1930 of chapter 123 of title 28, United States Code, as determined by the Bankruptcy Code, have been or will be paid on the Effective Date pursuant to section 2.04 of the Plan by the

Liquidating Trustee, thereby satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

V.      Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13)).  There are no retirees of the Debtors.  As such, the requirements of section 1129(a)(13) of the Bankruptcy Code are not applicable to the Plan or in these Bankruptcy Cases.

W.      No Domestic Support Obligations (11 U.S.C. § 1129(a)(14)).  The Debtors are not required by a judicial or administrative order, or by statute, to pay a domestic support obligation; accordingly, section 1129(a)(14) of the Bankruptcy Code is inapplicable in these Bankruptcy Cases.

X.      Debtors are Not Individuals (11 U.S.C. § 1129(a)(15)).  The Debtors are not individuals; accordingly, section 1129(a)(15) of the Bankruptcy Code is inapplicable in these Bankruptcy Cases.

Y.      Applicable Nonbankruptcy Law Regarding Transfers (11 U.S.C. § 1129(a)(16)). Article VI of the Plan provides that the Liquidating Trust is intended to qualify as a grantor trust for federal income tax purposes, and that all items of income, deduction, credit or loss of the Liquidating Trust shall be allocated to holders of Allowed General Unsecured Claims for income tax purpose.  Article VII of the Plan provides that the Liquidating Trustee may require persons who are to receive Distributions under the Plan to provide the Liquidating Trustee with taxpayer identification numbers and related withholding information before making a Distribution to any such Person.  Therefore, in accordance with section 1129(a)(16), all transfers under the Plan will comply with applicable non-bankruptcy law provisions governing transfers by a trust.

Z.      No Unfair Discrimination; Fair and Equitable (11 U.S.C. § 1129(b)).  The Chapter 11 Trustee has requested that the Bankruptcy Court confirm the Plan notwithstanding the fact

that the Rejecting Class rejected the Plan. The Chapter 11 Trustee has satisfied the requirements of sections 1129(b)(1) and (b)(2) of the Bankruptcy Code with respect to the Rejecting Class and, if necessary, the Abstaining Classes. Based on the evidence proffered, adduced, and/or presented at the Confirmation Hearing, the Plan does not discriminate unfairly and is fair and equitable with respect to the Rejecting Class and, if necessary, the Abstaining Classes, as required by sections 1129(b)(1) and (b)(2) of the Bankruptcy Code. The Plan does not "unfairly discriminate" because the Rejecting Class and, if necessary, the Abstaining Classes will receive under the Plan treatment that is not materially different than other creditors with similar legal rights/priority – that is, secured creditors. The Plan is also fair and equitable to the Rejecting Class and, if necessary, the Abstaining Classes because all of their liens, if any, will attach to sale proceeds or they will receive the "indubitable equivalent" of their Allowed Secured Claims. Based on the foregoing, the requirements of section 1129(b) of the Bankruptcy Code are met with respect to the Rejecting Class and the Abstaining Classes, and the Plan may be confirmed notwithstanding the rejection by the Rejecting Class and the non-votes from the Abstaining Classes.

AA.     <u>Only One Plan (11 U.S.C. § 1129(c))</u>.  The Plan is the only plan filed in these Bankruptcy Cases, and it is the only plan up for confirmation.   Accordingly, section 1129(c) of the Bankruptcy Code is inapplicable in these Bankruptcy Cases.

BB.     <u>Principal Purpose of the Plan (11 U.S.C. § 1129(d))</u>.  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933, thereby satisfying section 1129(d) of the Bankruptcy Code.

CC.     <u>Not Small Business Case (11 U.S.C. § 1129(e))</u>.  These are not a small business

cases, and accordingly, section 1129(e) of the Bankruptcy Code is inapplicable in these

Bankruptcy Cases.

<b><u>Compliance with Section 1125 of the Bankruptcy Code</u></b>

DD.     <u>Good-Faith Solicitation (11 U.S.C. 1125(e))</u>.  Based on the record before the

Bankruptcy Court, (i) the Chapter 11 Trustee and her respective Professionals are deemed to

have solicited acceptances of the Plan in good faith and in compliance with the applicable

provisions of the Bankruptcy Code, including without limitation, sections 1125(a) and (e) of

the Bankruptcy Code, and any applicable non-bankruptcy law, rule, or regulation governing

the adequacy of disclosure in connection with such solicitation and therefore will not, on

account of such solicitation, be liable at any time for any violation of any applicable law, rule,

or regulation governing the solicitation of acceptances or rejections of the Plan and are

entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the

exculpation provisions set forth in section 10.6 of the Plan.

<b><u>Compliance with Section 1126 of the Bankruptcy Code</u></b>

EE.     <u>Acceptance of Plan (11 U.S.C. § 1126)</u>.  Pursuant to section 1126 of the

Bankruptcy Code, the Plan has been accepted by the Impaired Accepting Classes.

<b><u>Compliance with Bankruptcy Rule 3019</u></b>

FF.     <u>Plan Modification (11 U.S.C. § 1127 and Bankruptcy Rule 3019)</u>.  The Plan has

not been modified since acceptance, therefore the requirements of Bankruptcy Rule 3019 have

been met.

<b><u>Plan Implementation</u></b>

GG.     The terms of the Plan, including, without limitation, all other documents filed in

connection with the Plan and/or executed or to be executed in connection with the transactions

contemplated by the Plan, and all amendments and modifications of any of the foregoing, including, without limitation, the Liquidating Trust Agreement, the Core Iron Settlement Agreement, and all related exhibits and supplements (collectively, the "**Plan Documents**") incorporated herein by reference, are, except as addressed herein or in any future order of the Bankruptcy Court contemplated by this Confirmation Order, proper in all respects, and constitute an integral part of this Confirmation Order.

HH.     The Plan and the Plan Documents have been negotiated in good faith and at arm's length and shall, on and after the Effective Date, except as addressed herein or in any future order of the Bankruptcy Court contemplated by this Confirmation Order, constitute legal, valid, binding, and authorized obligations of the respective parties thereto and will be enforceable in accordance with their terms.

II.     Pursuant to section 1142(a) of the Bankruptcy Code, except as addressed herein or in any future order of the Bankruptcy Court contemplated by this Confirmation Order, the Plan and the Plan Documents will apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.  The Chapter 11 Trustee, the Liquidating Trustee,  and all of her agents, financial advisers, attorneys, employees, partners, affiliates, and representatives will be acting in good faith if they proceed to (i) consummate the Plan and the agreements, settlements, transactions, transfers and documentation contemplated thereby, and (ii) take any actions authorized and directed by this Confirmation Order.

## Executory Contracts and Unexpired Leases

JJ.     The Chapter 11 Trustee has exercised sound business judgment in determining to reject each of  the Debtors' Executory Contracts (except for those Executory Contracts that have been previously assumed or rejected by Final Order of the Bankruptcy Court, or those Executory Contracts that are or will be a the subject of a separate motion or Plan Document filed or pending

with the Bankruptcy Court) pursuant to Article VIII of the Plan. Each rejection of an Executory Contract as provided in Article VIII of the Plan shall be legal, valid, and binding on the Debtors, the Chapter 11 Trustee, the Liquidating Trustee, and all non-debtor counterparties to such Executory Contracts, all to the same extent as if such rejection had been effectuated pursuant to an appropriate authorizing order of the Bankruptcy Court as of the Petition Date under section 365 of the Bankruptcy Code. Each rejection of an Executory Contract as provided in Article VIII of the Plan shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such Executory Contract.

KK. The Chapter 11 Trustee has satisfied the provisions of section 365 of the Bankruptcy Code with respect to the rejection of the Executory Contracts pursuant to the Plan and the Plan Documents. To the extent the rejection of an Executory Contract under the Plan results in a Rejection Claim, such Rejection Claim shall be forever barred as unenforceable against any of the Debtors, their Estates, any Liquidating Trust Asset, or the properties or agents, successors, or assigns of the same, including the Liquidating Trust, unless a proof of Claim is filed with the Bankruptcy Court and served on the Liquidating Trustee by thirty (30) days after the Effective Date.

LL. Except as limited by the provisions of sections 502(b)(6) and 502(b)(7) of the Bankruptcy Code and mitigation requirements under applicable law, any Rejection Claim shall be treated as a Class 7 General Unsecured Claim pursuant to the Plan. Nothing contained in the Plan or this Confirmation Order shall be deemed an admission by the Debtors, the Chapter 11 Trustee, the Liquidating Trustee, or any other party in interest that such rejection gives rise to or

results in a Rejection Claim or shall be deemed a waiver by the Debtors, the Chapter 11 Trustee, the Liquidating Trust, or the Liquidating Trustee, or any other party in interest of any objection to such Rejection Claim, if asserted.

## Exculpations, Injunctions, and Releases

MM.    The Bankruptcy Court has jurisdiction under sections 1334(a) and (b) of title 28 of the United States Code to approve the exculpation, injunctions, and releases set forth in Article X of the Plan.  Section 105(a) of the Bankruptcy Code permits issuance of the injunctions and approval of the releases and exculpations set forth in Article X of the Plan.  Such provisions are fair and reasonable and are in the best interests of the Debtors, the Estates, and parties-in-interest.  Further, the exculpation provisions in the Plan do not relieve any party of liability for an act or omission to the extent such act or omission is determined by a Final Order to have constituted willful misconduct or gross negligence.  Based on the record of these Bankruptcy Cases and the evidence proffered, adduced, and/or presented at the Confirmation Hearing, this Court finds that the injunctions, exculpations, and releases set forth in Article X of the Plan are consistent with the Bankruptcy Code and applicable law.

## Settlements and Compromises Pursuant to and Incorporated in the Plan

NN.    The Plan allows for the Chapter 11 Trustee (and/or the Liquidating Trustee) to compromise and settle Claims against and Claims held by the Estates.  The terms of certain compromises and settlements are included in the Plan, the Plan Documents,  and announcements or agreements read into the record at the Confirmation Hearing.  (All such compromises and settlements, including those mentioned in Articles VI and XII of the Plan, are, collectively, the "**Settlements**.")  Because the Settlements are integral to the implementation of the Plan, they are hereby approved as part of the Plan.  The Settlements are the product of good-faith, arm's-length negotiations.  The Settlements represent reasonable compromises and settlements of Claims

against and Claims held by the Estates.  The Settlements are in the best interests of the Estates and the Creditors thereof.  Considering (i) the probability of success in litigation with due consideration for uncertainty in fact and law; (ii) the complexity and likely duration of the litigation, and the expense, inconvenience, and delay necessarily attending to that litigation; and (iii) all other factors bearing on the wisdom of the Settlements, including the Chapter 11 Trustee's business judgment, the Plan and the Settlements satisfy the requirements of Bankruptcy Rule 9019 and section 1123(b)(3), and the Settlements are hereby approved.  On behalf of the Estates, the Chapter 11 Trustee (and/or the Liquidating Trustee) is authorized to execute any document necessary, in her discretion, to effectuate or implement the Settlements that are in the best interests of the Estates.

## **Other Findings**

OO.    <u>Transfers by Debtors</u>.  All transfers of property of the Estates, including, without limitation, the transfer and assignment of assets to the Liquidating Trust, shall be free and clear of all Liens, Claims, encumbrances, and other interests, except as expressly provided in the Plan or this Confirmation Order.

PP.    <u>Retention of Jurisdiction</u>.  The Bankruptcy Court may properly retain, and if appropriate, shall exercise jurisdiction over the matters set forth in Article XI of the Plan and section 1142 of the Bankruptcy Code.

QQ.    <u>Objections</u>.  All parties have had a full and fair opportunity to litigate all issues raised by objections to confirmation of the Plan, or which might have been raised, and the objections to confirmation have been fully and fairly litigated.  Except as compromised and settled herein, all objections to confirmation of the Plan are hereby overruled.

RR.    <u>Exhibit E to Disclosure Statement is Hereby Incorporated Herein</u>.  <u>Exhibit E</u> to the Disclosure Statement is hereby incorporated in this Confirmation Order as if fully set forth

herein.  Exhibit E lists all of the Causes of Action to be preserved by the Estates and retained by the Chapter 11 Trustee or transferred to the Liquidating Trust.

## The Plan Satisfies Confirmation Requirements

SS.    Based on the foregoing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.    Solicitation and Notice.  Notice of the Confirmation Hearing complied with the terms of the Disclosure Statement Order, was appropriate and satisfactory based on the circumstances of the Bankruptcy Cases, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.  The solicitation packages admitted into evidence at the Confirmation Hearing are approved as appropriate and satisfactory based on the circumstances of the Bankruptcy Cases and were in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.  The solicitation of votes on the Plan complied with the solicitation procedures in the Disclosure Statement Order and was appropriate and satisfactory based on the circumstances of the Bankruptcy Cases, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

2.    Confirmation.  The Plan in the form attached hereto as Exhibit A and each of its provisions shall be, and hereby is, confirmed under section 1129 of the Bankruptcy Code.  The terms of the Plan Documents are incorporated by reference into and are an integral part of the Plan and this Confirmation Order.

3.    Objections.  All objections, responses, statements, and comments in opposition to the Plan, other than those withdrawn with prejudice in their entirety prior to the Confirmation

Hearing or otherwise resolved on the record of the Confirmation Hearing and/or herein or addressed by this Confirmation Order are overruled for the reasons stated on the record.

4.    <u>Binding Effect</u>.  Except as otherwise provided in section 1141(d)(3) of the Bankruptcy Code, on or after entry of this Confirmation Order and subject to the occurrence of the Effective Date, the provisions of the Plan shall bind (a) any holder of a Claim against the Debtors or the Estates and their respective successors and assigns, whether or not such Claim holder is Impaired under the Plan and whether or not such holder has filed a proof of claim or accepted the Plan, (b) any and all non-debtor parties to assumed executory contracts and unexpired leases with the Debtors, (c) any other party in interest in the Bankruptcy Cases, and (d) the Liquidating Trust, and each of its respective beneficiaries, executors, administrators, successors, or assigns.

5.    <u>Substantive Consolidation</u>.  This Confirmation Order shall constitute approval, pursuant to section 105(a) of the Bankruptcy Code, effective as of the Effective Date, of the substantive consolidation of the Debtors and their Chapter 11 Cases for all purposes related to the Plan, including, without limitation, for purposes of voting, confirmation, and distribution. Except as expressly set forth in this Plan, as a result of the substantive consolidation of the Assets and Liabilities of the Debtors, on and after the Effective Date, (a) all assets and liabilities of the Debtors shall be deemed merged so that all assets of the Debtors shall be available to pay all of the liabilities under the Plan as if the Debtors were one company, (b) no distributions shall be made under the Plan on account of Intercompany Claims, (c) no distributions will be made under the Plan on account of any Equity Interests, (d) all guarantees of the Debtors of the obligations of any other Debtor shall be deemed eliminated so that any claim against any Debtor and any guarantee thereof executed by any other Debtor and any joint or several liability of the

Debtors shall be deemed to be one obligation of the consolidated Debtors, (e) every Claim filed or to be filed in the Chapter 11 Cases against any Debtor shall be deemed filed against the consolidated Debtors, and shall be deemed one Claim against and obligation of the consolidated Debtors, and all duplicate proofs of Claim for the same Claim filed against more than one Debtor shall be deemed expunged; (f) unless otherwise provided in the Plan, all Equity Interests in any Debtor shall be deemed extinguished for purposes of distributions under this Plan, and no distributions under this Plan shall be made on account of any such Equity Interests; and (g) for purposes of determining the availability of the right of setoff under section 553 of the Bankruptcy Code, the Debtors shall be treated as one consolidated entity so that, subject to other provisions of section 553 of the Bankruptcy Code, debts due to any Debtor may be set off against the debts of any other Debtor.

6.      _Plan Classification Controlling_.  The classifications of Claims for purposes of the distributions to be made under the Plan shall be governed solely by the terms of the Plan.  The classification set forth on the Ballots tendered or returned by Creditors in connection with voting on the Plan: (a) were set forth on the Ballots solely for purposes of voting to accept or reject the Plan; (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims under the Plan for distribution purposes; and (c) shall not be binding on the Debtors, the Chapter 11 Trustee, the Liquidating Trustee, or the Liquidating Trust for purposes other than voting on the Plan.

7.      _Distributions Under the Plan_.  All distributions under the Plan shall be made in accordance with Article VII of the Plan.  The Chapter 11 Trustee and/or the Liquidating Trustee (as appropriate) is authorized to make any and all *distributions* under the Plan in accordance with

the terms set forth under the Plan and this Confirmation Order immediately upon entry of this Confirmation Order.

8.      <u>Termination of the Debtors and Cancellation of Existing Agreements and Equity Interests</u>.  As provided under Article VI of the Plan, on the Effective Date, or as soon thereafter as possible, the Liquidating Trustee shall cause to be filed with the State of Texas and any other governmental authority such certificate of dissolution or cancellation and other certificates or documents as may be or become necessary to implement the termination of the legal existence of the Debtors.  Except for purposes of evidencing a right to Distributions under the Plan, on the Effective Date, all Equity Interests and other instruments evidencing any Claim against the Debtors shall be deemed automatically cancelled without further act or action under any applicable agreement, law, regulation, order or rule.

9.      <u>Vesting of Assets (11 U.S.C. § 1141(b), (c))</u>.  As set forth in Article VI of the Plan, on the Effective Date, pursuant to sections 1141(b) and (c) of the Bankruptcy Code, all Assets and property of the Debtors' Estates shall be transferred to and vest in the Liquidating Trust, free and clear of all Liens, Claims, encumbrances, charges, and other interests, except as provided in the Plan or in this Confirmation Order.  The vesting, on the Effective Date, of the Assets to the Liquidating Trust does not constitute a voidable transfer under the Bankruptcy Code or applicable non-bankruptcy law.

10.     <u>Release of Liens</u>.  Except as otherwise provided in the Plan or this Confirmation Order, or in any contract, instrument, release, or other agreement or document entered into or delivered in connection with the Plan, including the Liquidating Trust Agreement, concurrently with the applicable distributions made pursuant to the Plan, all mortgages, deeds of trust, liens, and other security interests against property of the Estates shall be fully cancelled, terminated,

released, discharged and extinguished (except to the extent expressly reinstated under the Plan), and all right, title, and interest of any holder of such mortgages, deeds of trust, financing statements, liens, and other security interests, including any rights to any collateral thereunder, shall revert to the Liquidating Trustee and her successors and assigns.

11.  <u>Retained Assets</u>.  To the extent that the succession to Assets of the Debtors by the Liquidating Trust pursuant to the Plan are deemed to constitute "transfers" of property, such transfers of property to the Liquidating Trust (a) are or shall be legal, valid, and effective transfers of property, (b) vest or shall vest the Liquidating Trust with good title to such property, free and clear of all Liens, Claims, encumbrances, charges, or interests, except as expressly provided in the Plan or this Confirmation Order, (c) do not and shall not constitute avoidable transfers under the Bankruptcy Code or under applicable non-bankruptcy law, and (d) do not and shall not subject the Liquidating Trust or the Liquidating Trustee to any liability by reason of such transfer under the Bankruptcy Code or under applicable non-bankruptcy law, including, without limitation, by laws affecting successor or transferee liability.

12.  <u>Governmental Claim Bar Date</u>.  Unless a different date was established by the Bankruptcy Court or the Bankruptcy Rules, no Governmental Units shall have a Claim against the Debtors or the Estates unless a proof of Claim was filed with the Bankruptcy Court and served on the Chapter 11 Trustee in accordance with Bankruptcy Rule 3002(c)(1), on or before December 10, 2012, for Xtreme Iron Holdings, LLC and on or before January 7, 2013, for Xtreme Iron, LLC.  Proofs of Claim not filed by Governmental Units by the deadline established in this section shall be forever barred and unenforceable against the Debtors, the Estates, the Chapter 11 Trustee, the Liquidating Trustee or the properties or agents, successors, or assigns of the same, including the Liquidating Trust.

13.    <u>Objections to Claims</u>.

(a)    <u>General</u>.  Any party in interest, including, without limitation, the Chapter 11 Trustee or the Liquidating Trustee may make and file objections to Claims.  If any portion of a Claim is a Disputed Claim, no payment or distribution shall be made on account of such Claim unless and until such Claim becomes an Allowed Claim.

(b)    <u>Administrative Expense Claims</u>.  In accordance with section 2.1 of the Plan, all requests for payment of Administrative Expense Claims must have been filed with the Bankruptcy Court by the Administrative Expense Bar Date.  Any Administrative Expense Claim for which an application or request was not filed with the Bankruptcy Court is discharged, forever barred, and not entitled to Distributions under the Plan.  Allowed Administrative Expense Claims shall be paid as provided under section 2.1 of the Plan; provided, however, that Allowed Administrative Expense Claims representing liabilities incurred in the ordinary course of business by the Debtors or the Chapter 11 Trustee shall be paid in full in the ordinary course of business in accordance with the terms and subject to the conditions of any agreements governing, instruments evidencing, or other documents relating to such transactions.

(c)    <u>All Other Claims</u>.  In accordance with section 7.6 of the Plan, objections to Claims against the Debtors (other than Administrative Claims and Professional Fee Claims) shall be filed and served no later than one-hundred twenty days (120) days after the Effective Date (unless such day is not a Business Day; in which case, such deadline will be the next Business Day thereafter) unless extended by an order of the Bankruptcy Court.  An objection to a Claim will be deemed properly served on the holder thereof if service is effected by any of the following methods: (a) in accordance with Rule 4 of the Federal Rules of Civil Procedure, as modified and made applicable by Bankruptcy Rule 7004; (b) to the extent counsel for a Claimant

is unknown, by first-class mail, postage prepaid, on the signatory on the proof of Claim or other representative identified on the proof of Claim or any attachment thereto; or (c) by first-class mail, postage prepaid, on any counsel that has appeared on the behalf of the Claimant in the Bankruptcy Cases.

14.   <u>Estimation of Claims</u>.  Requests for estimation of any Claim against the Debtors may be interposed and prosecuted only by the Liquidating Trustee.  In accordance with section 7.9 of the Plan, the Liquidating Trustee may at any time request the estimation or limitation of any contingent, unliquidated, or Disputed Claim pursuant to section 502(c) of the Bankruptcy Code regardless of whether that Claim was previously objected to or whether the Bankruptcy Court has ruled on any such objection; provided, however, that the Bankruptcy Court shall determine (a) whether such Disputed Claims are subject to estimation pursuant to section 502(c) of the Bankruptcy Code and (b) the timing and procedures for such estimation proceedings, if any.  The Bankruptcy Court shall retain jurisdiction to estimate any Claim at any time during litigation concerning any objection to any Claim, including, without limitation, during the pendency of any appeal relating to any such objection.  If the Bankruptcy Court estimates any contingent, unliquidated, or Disputed Claim, the amount so estimated shall constitute either the Allowed amount of such Claim or a maximum limitation on such Claim, as determined by the Bankruptcy Court.  If the estimated amount constitutes a maximum limitation on the amount of such Claim, the Liquidating Trustee may pursue supplementary proceedings to object to the allowance of such Claim.   All of the aforementioned objection, estimation, and resolution procedures are intended to be cumulative and not exclusive of one another.  Claims may be estimated and subsequently compromised, settled, withdrawn, or resolved by any mechanism approved by the Plan, this Confirmation Order, or the Bankruptcy Court.

15.   <u>Record Date for Claim Distributions</u>.  Except as expressly provided pursuant to the procedures set forth under section 7.23 of the Plan, the Liquidating Trustee has no obligation to recognize the transfer of, or the sale of any participation in, any Allowed Claim that occurs after the entry date of this Confirmation Order and shall be entitled for all purposes herein to recognize and distribute only to those holders of Allowed Claims who are holders of such Claims, or participants therein, as of the entry date of this Confirmation Order.

16.   <u>Unclaimed Distributions</u>.   In accordance with section 7.25 of the Plan, all Distributions under the Plan that are unclaimed for a period of three (3) months after Distribution thereof shall be deemed unclaimed property under section 347(b) of the Bankruptcy Code and title to such Distributions shall revert to the Liquidating Trustee.  Any entitlement of any holder of any Claims to such Distributions and future Distributions shall be extinguished and forever barred and such unclaimed distributions shall be redistributed pro rata to the holders of Allowed Claims.

17.   <u>Professional Compensation and Reimbursement Claims</u>.   In accordance with section 2.2 of the Plan, all requests for payment of Professional Fee Claims shall be filed with the Bankruptcy Court and served on the Liquidating Trustee and the U.S. Trustee no more than sixty (60) days after the Effective Date.   Any such Professional Fee Claim for which an application or request for payment is not filed within that time period shall be discharged and forever barred, and shall not be entitled to any Distributions under the Plan.  A timely filed Professional Fee Claim may be objected to after the Effective Date.  A hearing on a timely filed Professional Fee Claim and an objection thereto may be held after the Effective Date.  Payments to Professional Persons for services rendered after the Effective Date may be paid by the Liquidating Trustee pursuant to the terms of the Liquidating Trust Agreement.  All Professional

Fee Claims shall be paid in full, in Cash, in such amounts Allowed by the Bankruptcy Court in accordance with the order relating to or allowing any such Professional Fee Claim.    No Professional Fee Claim shall be Allowed on account of services rendered or expenses incurred by a Professional prior to the Effective Date unless payment for such services and expenses has been approved by the Bankruptcy Court.

        18.    <u>Assumption or Rejection of Executory Contracts and Unexpired Leases</u>.

        (a)    <u>General</u>.    Pursuant to section 8.1 of the Plan, all Executory Contracts that exist between the Debtors and any person or entity shall be deemed rejected by the Chapter 11 Trustee as of the Petition Date, except for any Executory Contracts that: (a) have been assumed or rejected pursuant to Final Order of the Bankruptcy Court, (b) are the subject of a separate motion pursuant to section 365 of the Bankruptcy Code to be filed and served by the Chapter 11 Trustee on or before the Confirmation Date, (c) are included in any Plan Document, or (d) as to which a motion for approval of the assumption or rejection of such Executory Contract or has been filed and served prior to the Confirmation Date.    This Confirmation Order  constitutes an order of the Bankruptcy Court under section 365 of the Bankruptcy Code approving the rejection of such Executory Contracts as of the Petition Date.

        (b)    <u>Compensation, Benefit, and Indemnification Programs</u>.    In accordance with section 8.4 of the Plan, all employee-compensation, employee-benefit, and employee-indemnification program or obligations of the Debtors, if any, that the Debtors entered into before the Petition Date and not previously terminated, shall be deemed to be, and shall be treated as though they are, Executory Contracts that are rejected and terminated under the Plan as of the Effective Date.

(c) <u>Claims Relating to Executory Contracts Rejected Pursuant to the Plan and Bar to Rejection Claims</u>.  Any Claim arising out of the rejection of an Executory Contract pursuant to Article VIII of  the Plan shall be classified as a Class 7 General Unsecured Claim against the Debtors.  Claims arising out of the rejection of an Executory Contract shall be forever barred and unenforceable against the Debtors, the Estates, any Assets of the Estates, any Liquidating Trust Asset, or the properties or agents, successors, or assigns of the same, including the Liquidating Trust, unless a proof of Claim is filed with the Bankruptcy Court and served on the Liquidating Trustee by the earlier of (a) thirty (30) days after the Effective Date and (b) such other deadline as the Bankruptcy Court may set for asserting a Claim for such damages.

19.     <u>General Authorization</u>.  The Chapter 11 Trustee and/or the Liquidating Trustee shall be authorized to execute, deliver, file, or record such documents, contracts, instruments, releases, and other agreements and to take such other actions as may be necessary to effectuate and further evidence the terms and conditions of the Plan and any Plan Documents.  As of the Effective Date, the Liquidating Trustee and her respective agents, attorneys, financial advisors, and other professionals are authorized and empowered pursuant to section 1142(b) of the Bankruptcy Code and other applicable state laws (a) to grant, issue, execute, deliver, file, or record any agreement, document, or security, including, without limitation, the Liquidating Trust Agreement, as modified, amended, and supplemented, in substantially the form included therein, (b) to take any action necessary or appropriate to implement, effectuate, and consummate the Plan in accordance with its terms, and (c) to take or cause to be taken all corporate actions necessary or appropriate to implement all provisions of, and to consummate, the Plan and the Plan Documents prior to, on, and after the Effective Date and all such actions taken or caused to be taken shall be deemed to have been authorized and approved by the Bankruptcy Court without

further approval, act or action under any applicable law, order, rule or regulation, including, without limitation, any action required by the Liquidating Trustee, including, among other things, (a) the adoption of the Liquidating Trust Agreement, (b) the termination and cancellation of any outstanding instrument, document, or agreement, if applicable, (c) the execution and delivery of all documents arising in connection with the Plan and Plan Documents, (d) all transfers of Assets that are to occur pursuant to the Plan, (e) the incurrence of all obligations contemplated by the Plan Documents and the making of all distributions under the Plan, and (f) entering into any and all transactions, contracts, leases, instruments, releases, and other documents and arrangements permitted by applicable law, order, rule or regulation. The approvals and authorizations specifically set forth in this Confirmation Order are nonexclusive and are not intended to limit the authority of the Chapter 11 Trustee, the Liquidating Trustee, or any officer thereof to take any and all actions necessary or appropriate to implement, effectuate, and consummate any and all documents or transactions contemplated by the Plan or this Confirmation Order pursuant to section 1142(b) of the Bankruptcy Code. Any and all documents contemplated herein shall be accepted by each of the respective state filing offices and recorded, if required, in accordance with applicable state law and shall become effective in accordance with their terms and the provisions of state law.

20. <u>Liquidating Trust Agreement</u>. The execution, delivery, and performance of the Liquidating Trust Agreement and any amendments, modifications, and/or supplements thereto, by the Chapter 11 Trustee and the Liquidating Trustee is hereby authorized and approved. Without need for further order or authorization of the Bankruptcy Court, the Chapter 11 Trustee and the Liquidating Trustee and their successors are authorized and empowered to make any and all modifications to the Liquidating Trust Agreement and any amendments, modifications, and/or

supplements thereto that does not materially modify the terms of such documents and are consistent with the Plan subject to the terms of the Liquidating Trust Agreement, and, as applicable, the agreement of any non-debtor counterparty.   The execution version of the Liquidating Trust Agreement shall constitute legal, valid, binding, and authorized obligations of the respective parties thereto, enforceable in accordance with their terms.

21.    The Liquidating Trust.   On or before the Effective Date, the Liquidating Trust Agreement shall be executed by the parties thereto, and all other necessary steps shall be taken to establish the Liquidating Trust.   The Liquidating Trust Assets shall be transferred to the Liquidating Trust in accordance with the provisions of the Plan.   Notwithstanding anything to the contrary herein, the transfer of claims to the Liquidating Trust does not diminish, and fully preserves, any rights and defenses a defendant would have if such claims had been retained by the Debtors or the Chapter 11 Trustee.

22.    Liquidating Trustee.   The Chapter 11 Trustee shall serve and is hereby appointed as the as the Liquidating Trustee.

23.    Payment of Statutory Fees.   All fees due and payable pursuant to section 1930 of title 28 of the United States Code, as determined by the Bankruptcy Court, shall be paid on the Effective Date without the need to file any applications with the Bankruptcy Court.

24.    Governmental Approvals Not Required.   This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, and regulations of any state or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan Documents, the Disclosure

Statement, and any documents, instruments, or agreements, and any amendments or modifications thereto.

25.    <u>Filing and Recording</u>.  This Confirmation Order (a) is and shall be effective as a determination that, on the Effective Date, all Claims and Equity Interests existing prior to such date have been unconditionally released, discharged, and terminated, except as otherwise provided in the Plan, and (b) is and shall be binding on and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required, by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any document or instrument. Each and every federal, state, and local government agency is hereby directed to accept any and all documents and instruments necessary, useful, or appropriate (including Uniform Commercial Code financing statements) to effectuate, implement, and consummate the transactions contemplated by the Plan Documents and this Confirmation Order without payment of any recording tax, stamp tax, transfer tax, or similar tax imposed by state or local law.

26.    <u>Exemption from Transfer Taxes</u>.  Pursuant to section 1146(a) of the Bankruptcy Code, the issuance, transfer, or exchange of equity securities under the Plan, the creation of any mortgage, deed of trust, or other security interest, the making or assignment of any lease or sublease, or the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan (if any), shall not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax.

27. ***Discharge of Debtors.*** *Pursuant to section 10.5 of the Plan, except as provided in the Bankruptcy Code, the Plan, the Plan Documents, or this Confirmation Order, all consideration distributed under the Plan will be in exchange for, and in complete satisfaction, settlement, discharge, and release of, all Claims against the Debtors, the Estates, and the Chapter 11 Trustee of any nature whatsoever, whether known or unknown, or against the Assets or properties of the Debtors, the Estates, or the Chapter 11 Trustee that arose before the Effective Date. Except as provided in the Bankruptcy Code, the Plan, the Plan Documents, or the Confirmation Order, upon the Effective Date, entry of this Confirmation Order acts as a discharge and release under section 1141(d)(1)(A) of the Bankruptcy Code of all Claims against the Chapter 11 Trustee, the Debtors, the Estates and their Assets and properties, arising at any time before the Effective Date, regardless of whether a proof of Claim was filed, whether the Claim is Allowed, or whether the holder of the Claim votes to accept the Plan or is entitled to receive a Distribution under the Plan. Except as provided in the Plan, the Plan Documents, or this Confirmation Order, upon the Effective Date, any holder of a discharged Claim will be precluded from asserting such Claim against the Debtors, the Estates, the Chapter 11 Trustee, or any of their assets or properties any other or further Claim based on any document, instrument, act, omission, transaction or other activity of any kind or nature that occurred before the Effective Date. Except as provided in the Plan, the Plan Documents, or this Confirmation Order, and subject to the occurrence of the Effective Date, this Confirmation Order will be a judicial determination of discharge of all the Estates' liabilities to the extent allowed under section 1141, and neither the Debtors, their Estates, or the Chapter 11 Trustee will be liable for any Claim and will only have the obligations as specifically provided in the Plan. Notwithstanding the foregoing, the discharge granted shall not impair*

*the rights of holders of any Allowed Claims to receive Distributions on account of such Allowed Claims from the Liquidating Trust or as otherwise provided in the Plan or the Plan Documents.*

28. __Injunction__. *Pursuant to section 10.3 of the Plan, except as otherwise provided in the Plan, the Plan Documents, or this Confirmation Order, and only to the extent permitted under and subject to section 1141 of the Bankruptcy Code, from and after the Confirmation Date, all holders of Claims against the Debtors, the Estates, the Chapter Trustee, or the Liquidating Trustee that are discharged pursuant to the Plan or the Bankruptcy Code are permanently restrained and enjoined from taking any of the following actions against the Debtors, the Estates, the Chapter 11 Trustee, or the Liquidating Trustee, or any of their property on account of any such discharged Claims, debts, liabilities, or rights: (a) commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Claim, debt, liability, or Interest against the Debtors, the Estates, the Chapter 11 Trustee, or the Liquidating Trustee, or their property on account of such Claims, debts, or liabilities, other than to enforce any right to a Distribution pursuant to the Plan, a prior order of the Bankruptcy Court approving a sale or transfer of Assets, or the compliance of the Debtors, the Estates, the Chapter 11 Trustee, or the Liquidating Trustee with the provisions of the executed Plan Documents; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against the Debtors, the Estates, the Chapter 11 Trustee, or the Liquidating Trustee, or their property; (c) creating, perfecting, or enforcing any encumbrance, Security Interest, or Lien of any kind against the Debtors, the Estates, the Chapter 11 Trustee, or the Liquidating Trustee, or their property; (d) except to the extent permitted under the Bankruptcy Code, the Plan, or the Plan Documents,*

*asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due the Debtors, the Estates, the Chapter 11 Trustee, or the Liquidating Trustee, or against their property; and (e) performing any act, in any manner, in any place whatsoever, that does not conform to or comply with, or is inconsistent with, the provisions of the Plan; provided, however, that each holder of a Disputed Claim may continue to prosecute its proof of Claim in the Bankruptcy Court and all holders of Claims shall be entitled to enforce their rights under the Plan, and any agreements executed or delivered pursuant to or in connection with the Plan.  The foregoing injunction shall extend to the Debtors, the Estates, the Chapter 11 Trustee, or the Liquidating Trustee, and their respective property and interests in property.  If allowed by the Bankruptcy Court, any entity injured by any willful violation of such injunction shall recover actual damages, including, without limitation, costs and attorneys' and experts' fees and disbursements, and, in appropriate circumstances, may recover punitive damages, from the willful violator.  Unless otherwise provided in the Plan or this Confirmation Order, all injunctions or stays imposed by the Bankruptcy Code under sections 105 or 362 of the Bankruptcy Code or otherwise, and extant on the Confirmation Date, shall remain in full force and effect until the Effective Date and with respect to all Assets, including, but not limited to the Liquidating Trust Assets; provided, however, that it shall not be a violation of the stay or injunction for a non-debtor party to any assumed contract to commence an action to enforce its rights under such contract.*

29.    *Exculpation*.  *Pursuant to section 10.6 of the Plan, neither the Chapter 11 Trustee nor her Professional Persons, or any of such parties' respective officers, directors, managers, members, accountants, financial advisors, investment bankers, agents, restructuring advisors, attorneys, consultants, or representatives (solely in their capacity as*

*officers, directors, managers, members, accountants, financial advisors, investment bankers, agents, restructuring advisors, attorneys, consultants and representatives) shall have or incur any liability for any Claim, Cause of Action, or other assertion of liability for any act taken or omitted to be taken in connection with, or arising out of the Bankruptcy Cases, the formulation, dissemination, confirmation, consummation or administration of the Plan, property to be distributed under the Plan or any other act or omission in connection with the Bankruptcy Cases or the Plan or any contract, instrument, document or other agreement related thereto; provided, however, that the foregoing shall not affect the liability of any person that otherwise would result from any such act or omission to the extent such act or omission is determined by a Final Order to have constituted willful misconduct or gross negligence.  The foregoing parties will be entitled to rely on the advice of counsel in all respects regarding their duties and responsibilities under the Plan.*

30. *__Preservation of Rights__.  Pursuant to section 10.7 of the Plan, in accordance with section 1123(b)(3) of the Bankruptcy Code, the Liquidating Trust shall retain all of the Causes of Actions including Avoidance Actions, and other similar claims, counterclaims, rights, defenses, setoffs, recoupments, and actions in law or equity arising under the Bankruptcy Code or applicable nonbankruptcy law.  This preservation includes all current and pending litigation in which the Debtors, the Estates, the Chapter 11 Trustee or the Liquidating Trustee is a party or could assert as a party, in the Bankruptcy Court or otherwise, and all Causes of Action of the type listed in the Plan, the Plan Documents, and on __Exhibit E__ to the Disclosure Statement, including, but not limited to any Claims or Causes of Action arising from: (i) Adversary Proceeding no. 13-3055 (Holder v. Stover, et al.) (the* **"Core Iron Adversary"**); *(ii) the Motion for Approval of Compromise and Settlement Pursuant to*

*Bankruptcy Rule 9019 [Docket No. 434] (the "Core Iron Settlement Motion"); (iii) the Core Iron Settlement Agreement; or (iv) the Order Approving Motion for Approval of Compromise and Settlement Pursuant to Bankruptcy Rule 9019 [Docket No. 465] (the "Core Iron Settlement Order"). The Liquidating Trustee and the Liquidating Trust shall have authority and standing to enforce, sue on, settle, or compromise (or decline to do any of the foregoing) any of the Causes of Actions and other similar claims, counterclaims, rights, defenses, setoffs, recoupments, and actions, and may prosecute and enforce all defenses, counterclaims, and rights that have been asserted or could be asserted by the Debtors, the Estates, the Chapter 11 Trustee or the Liquidating Trustee against or with respect to all Claims asserted against the Debtors, the Estates, the Chapter 11 Trustee or the Liquidating Trustee. A nonexclusive list of such Causes of Actions and other similar claims, counterclaims, rights, defenses, setoffs, recoupments, and actions in law or equity was attached as Exhibit E to the Disclosure Statement, which is incorporated by reference herein as if fully set forth in this Confirmation Order. The Plan and Plan Documents, including the Disclosure Statement, contain sufficient and unequivocal retention language and notice to parties for the Chapter 11 Trustee and the Liquidating Trustee to retain standing to bring such Causes of Action, including but not limited to any Causes of Action arising from or related to the enforcement of the Core Iron Adversary, the Core Iron Settlement Agreement, the Core Iron Settlement Motion or the Core Iron Settlement Order, as required under Dynasty Oil & Gas LLC v. Citizens Bank (In re United Operating LLC), 540 F.3d 351 (5th Cir. 2008).*

31. <u>Modification of the Plan</u>. After the Confirmation Date, so long as such action does not materially and adversely affect the treatment of holders of Claims under the Plan, the Chapter 11 Trustee (and/or the Liquidating Trustee) may institute proceedings in the Bankruptcy

Court to remedy any defect or omission or reconcile any inconsistencies in the Plan or this Confirmation Order, with respect to such matters as may be necessary to carry out the purposes and effects of the Plan. A holder of a Claim that has accepted the Plan shall be deemed to have accepted the Plan, as altered, amended, or modified, if the proposed alteration, amendment, or modification does not materially and adversely change the treatment of the Claim of such holder.

32. <u>Post-Confirmation Date Professional Fees and Expenses</u>. From and after the Effective Date, the Liquidating Trustee shall, in the ordinary course of business, and without the necessity for any approval by the Bankruptcy Court, pay the reasonable fees and expenses of professionals thereafter incurred.

33. <u>Effectuating Documents and Further Transactions</u>. Pursuant to section 12.1 of the Plan, on the Effective Date, the Liquidating Trustee and her employees, agents, attorneys and professionals shall be authorized and directed, without further Order of the Bankruptcy Court, to execute, deliver, file, and record all agreements, instruments and contracts, and take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions, and consummate, the Plan or to otherwise comply with applicable law.

34. <u>Withholding and Reporting Requirements</u>. In connection with the Plan and all instruments issued in connection therewith and distributed thereon, any party issuing any instrument or making any Distribution under the Plan shall comply with all applicable withholding and reporting requirements imposed by any federal, state, or local taxing authority, and all Distributions under the Plan shall be subject to any such withholding or reporting requirements. Notwithstanding the above, each holder of an Allowed Claim that is to receive a Distribution under the Plan shall have the sole and exclusive responsibility for the satisfaction and payment of any tax obligations imposed by any governmental unit, including income,

withholding, and other tax obligations, on account of such Distribution.  Any party issuing any

instrument or making any Distribution under the Plan has the right, but not the obligation, to not

make a Distribution until such holder has made arrangements satisfactory to such issuing or

disbursing party for payment of any such tax obligations

35.    Notice of Entry of Confirmation Order.  Pursuant to Bankruptcy Rules 2002(f)(7),

2002(k), and 3020(c), the Chapter 11 Trustee shall file and serve notice of entry of this

Confirmation Order in substantially the form annexed hereto as Exhibit B (the "**Notice of**

**Confirmation Order**") on all parties entitled to receive notice in these Bankruptcy Cases, by

causing the Notice of Confirmation Order to be delivered to such parties by first-class mail,

postage prepaid, within ten (10) business days after entry of this Confirmation Order; *provided,*

*however,* that the Confirmation Notice shall not be served on any person or entity to whom the

Chapter 11 Trustee has mailed other notices during these Bankruptcy Cases that have been

returned as undelivered, unless the Chapter 11 Trustee has been informed in writing by such

person or entity of that person or entity's new address.  Such notice is adequate under the

particular circumstances and no other or further notice is necessary.  The form of Notice of

Confirmation Order substantially in the form annexed hereto as Exhibit B is approved.

36.    Notice of Effective Date.  Within three (3) Business Days after the occurrence of

the Effective Date, the Chapter 11 Trustee shall file notice of the occurrence of the Effective

Date (the "**Notice of Effective Date**") and shall serve a copy of same on all parties entitled to

receive notice in these Bankruptcy Cases; *provided, however,* that the Notice of Effective Date

shall not be served on any person or entity to whom the Chapter 11 Trustee has mailed other

notices during these Bankruptcy Cases that have been returned as undelivered, unless the

Chapter 11 Trustee has been informed in writing by such person or entity of that person or

entity's new address.  Such notice is adequate under the particular circumstances and no other or further notice is necessary.  The form of Notice of Effective Date substantially in the form annexed hereto as <u>Exhibit C</u> is approved.

37.    <u>Conditions to Effective Date</u>.  The Plan shall not become effective unless and until the conditions set forth in section 9.1 of the Plan have been satisfied or waived pursuant to section 9.2 of the Plan.

38.    <u>Effect of Failure of Conditions to Effective Date</u>.  If the conditions precedent specified in section 9.1 of the Plan have not been satisfied or waived pursuant to section 9.2 of the Plan, the Plan shall be deemed null and void.  In such event, nothing contained in the Plan shall be deemed to constitute a waiver or release of any Claims by or against the Debtors, the Estates, the Chapter 11 Trustee, the Liquidating Trustee or any other Person or to prejudice in any manner the rights of the Debtors, the Estates, the Chapter 11 Trustee, the Liquidating Trustee, or any other Person in any further proceedings involving the Debtors, the Estates, the Chapter 11 Trustee, the Liquidating Trustee or any other Person.

39.    <u>Substantial Consummation</u>.  On the Effective Date, the Plan shall be deemed to be substantially consummated under sections 1101 and 1127(b) of the Bankruptcy Code.

40.    <u>Retention of Jurisdiction</u>.  Upon the Effective Date, the Bankruptcy Court may properly retain, and if appropriate, shall exercise jurisdiction over the matters set forth in Article XI of the Plan and section 1142 of the Bankruptcy Code.  The Bankruptcy Court shall also retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Confirmation Order.

41.    <u>Governing Law</u>.  Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and the Bankruptcy Rules), and except as provided in the Plan

Documents, the laws of (a) the State of Texas shall govern the construction and implementation of the Plan and any agreements, documents, and instruments executed or amended in connection with the Plan and (b) the state of incorporation of the Debtors (Delaware) shall govern corporate governance matters with respect to the Debtors, in either case without giving effect to the principles of conflicts of law thereto.

42.    Appeal of the Confirmation Order.    Except as otherwise provided in this Confirmation Order, if any or all of the provisions of this Confirmation Order are hereafter reversed, modified, vacated, or stayed by subsequent order of the Bankruptcy Court, or any other court, such reversal, stay, modification or vacatur shall not affect the validity or enforceability of any act, obligation, indebtedness, liability, priority, or lien incurred or undertaken by the Debtors, the Estates, the Chapter 11 Trustee or Liquidating Trustee as applicable, prior to the effective date of such reversal, stay, modification, or vacatur.    Notwithstanding any such reversal, stay, modification, or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, or in reliance on, this Confirmation Order prior to the effective date of such reversal, stay, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan or any amendments or modifications thereto and shall remain binding on the Liquidating Trustee, as the case may be.

43.    Severability.    Each term and provision of the Plan, as it may have been altered or interpreted by this Bankruptcy Court, is valid and enforceable pursuant to its terms.

44.    Objections: Texas Comptroller of Public Accounts.    The *Objection of the Texas Comptroller of Public Accounts to Confirmation of the Trustee's Joint Plan of Liquidation* [Docket No. 529] has been resolved by the Chapter 11 Trustee and the Texas Comptroller of Public Accounts (the "**Comptroller**"). Notwithstanding anything else to the contrary in the Plan,

the Confirmation Order or any other Order of the Court, these provisions govern the treatment of

the claims of the Comptroller:

a.    The Comptroller shall have an Allowed Priority Tax Claim for sales and TERP taxes in the amount of $50,000.

b.    The Comptroller shall have an Allowed Administrative Expense Claim for sales and TERP taxes in the amount of $35,000.

c.    The Comptroller's Allowed Priority Tax Claim and Allowed Administrative Expense Claim shall be paid in full in one lump-sum payment within 30 days from the Effective Date of the Plan or as soon as reasonably practicable thereafter.  Payment of the $50,000 Allowed Priority Tax Claim and payment of the $35,000 Allowed Administrative Expense Claim to the Comptroller resolves fully and finally all sales and TERP-tax obligations and liabilities of the Estates, the Chapter 11 Trustee, the Liquidating Trustee, and the Liquidating Trust.

d.    The payment of the Comptroller's Allowed Administrative Expense Claim and the Allowed Priority Tax Claim shall not extinguish liability of any non-debtor party in excess of these payments; provided, however, no additional recovery for sales and TERP taxes shall be sought from the Estates, the Chapter 11 Trustee, the Liquidating Trustee, or the Liquidating Trust.

e.    The Liquidating Trust shall file its Report Year 2013 franchise tax return on the Effective Date or as soon as reasonably practical thereafter.  If any amount is due and owing by the Estates according to such 2013 franchise tax return, the Estates or the Liquidating Trust shall pay in full in cash such amounts due as soon as reasonably practicable after filing of such 2013 return. Thereafter, all franchise tax returns and fees due and owing to the Comptroller shall be timely filed and paid.  The Comptroller shall not be required to file any proof of claim, motion or any other request for payment of any kind for any such amounts that may be due.

f.    The Comptroller's rights of setoff are expressly preserved and shall not be altered or impaired.  The Comptroller may exercise its setoff rights in accordance with applicable Texas law.

g.    Texas state law governing refund claims made by taxpayers shall not be altered or impaired.

h.    Nothing shall affect or impair any rights of the Texas Comptroller to pursue any claims, rights, causes of action or any other remedies the Texas Comptroller may have against any non-debtor third parties.

i. In consideration of the compromises of the Comptroller contained in these provisions, the Estates, the Chapter 11 Trustee, the Liquidating Trustee, and the Liquidating Trust, and the agents, attorneys, representatives and assigns of each of the foregoing (collectively, the "**Releasors**"), irrevocably, unconditionally and forever release and discharge the Comptroller, and its (and her) agents, attorneys and representatives, from any rights or claims to any refunds from the Comptroller related to sales and TERP taxes and franchise taxes for the report year after 2013 and forward to which the Estates or the Liquidating Trust may be entitled.

j. The provisions of the Plan and Confirmation Order supplement the terms set forth herein where not inconsistent herewith.

45. <u>Conflicts Between Confirmation Order and Plan</u>.  The failure to specifically include any particular provision of the Plan in this Confirmation Order or any further order of the Bankruptcy Court contemplated by this Confirmation Order will not diminish the effectiveness of such provision, it being the intent of the Bankruptcy Court that the Plan is confirmed in its entirety and incorporated herein by this reference.  The provisions of the Plan Documents, this Confirmation Order, and any further order of the Bankruptcy Court contemplated by this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purposes of each; *provided, however,* that if there is any inconsistency between the provisions of the Plan Documents and this Confirmation Order or any further order of the Bankruptcy Court contemplated by this Confirmation Order, the terms and conditions contained in this Confirmation Order or such further order of the Bankruptcy Court shall govern and shall be deemed a modification to the Plan and shall control and take precedence.  The provisions of this Confirmation Order are integrated with each other and are non-severable and mutually dependent unless expressly stated by further order of the Bankruptcy Court.

46. <u>Stay of Confirmation Order</u>.  The requirements under Bankruptcy Rule 3020(e) that an order confirming a plan is stayed until the expiration of 14 days after entry of the order

are hereby waived. This Confirmation Order shall take effect immediately and shall not be stayed pursuant to Bankruptcy Rules 3020(e), 6004(h), 6006(d), 7062, or otherwise.

47. <u>Final Order</u>. This Confirmation Order is a Final Order and the period in which an appeal must be filed shall commence upon the entry hereof.

# # # End of Order # # #

Submitted By:

Marcus A. Helt (TX 24052187)
Rachael L. Smiley (TX 24066158)
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone: 214.999.3000
Facsimile: 214.999.4667

COUNSEL FOR AREYA HOLDER,
CHAPTER 11 TRUSTEE